# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STATE OF NEBRASKA | ) | |
| Plaintiff, | ) | No. 02-175 -VJW |
| vs. | ) | Judge Victor J. Wolski |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Plaintiff and Defendant hereby submit this joint status report, pursuant to the Court's Order of April 28, 2021. The parties continue to work towards bringing this case to a final resolution. As discussed in the parties' joint status report filed on April 23, 2021, the United States Army Corps of Engineers (Corps) continues to conduct its review under the National Environmental Policy Act (NEPA), Clean Water Act (CWA), and the Rivers and Harbors Act of 1899 (RHA) to evaluate the Nebraska Department of Transportation's (NDOT) proposal for the rehabilitation of the portion of Nebraska Highway 12 at issue in this case.

Since the last status report, the State of Nebraska and the Corps have continued to work together toward the completion of the draft Final EIS (FEIS), and have continued to meet monthly by conference call to discuss ongoing issues. Among other things, the Corps continues to review the State's CWA § 404 permit application and the State's 33 U.S.C. 408 (Section 408) permission request, and the State continues to work towards implementation of an aquatic resource mitigation strategy that complies with the 2008 Compensatory Mitigation for Losses of Aquatic Resources; Final Rule (33 CFR §325 and 332; 40 CFR §230 Subpart J). The State has experienced challenges in acquiring appropriate properties for wetlands mitigation purposes, but

continues to explore various options, including the possibility of constructing wetlands mitigation sites on property owned by the Santee Sioux Nation. The State and the Corps are scheduled to meet in person with representatives of the Santee Sioux Nation on October 26 and 27 to investigate the viability of those sites. The Corps will also conduct field verifications on portions of the aquatic resource delineation packages to include streams and wetlands along the corridor and for another proposed mitigation site.

In addition, the parties continue to discuss floodplain issues related to the Corps' review under Executive Order 11988 and Section 14 of the Rivers and Harbors Act of 1899 (33 U.S.C. 408) ("Section 408"). In September 2021, the Corps notified NDOT that additional hydraulic modeling and a risk assessment must be conducted for Executive Order 11988 compliance and Section 408 permission and to support the Flood Storage Technical Memorandum as part of the FEIS evaluation. The State intends to further analyze the flooding impacts of the proposed Highway 12 Project, and will continue to develop an appropriate Executive Order 11988 floodplain submission and Section 408 submission for the Project.

Over the next six months, the parties anticipate that they will continue to meet regularly and work through issues. The State will increase its efforts to identify wetland mitigation sites and strategies in a continued effort to meet the requirements of the 2008 Compensatory Mitigation Final Rule. As noted above, the State will also continue to develop an appropriate Executive Order 11988 floodplain submission and Section 408 permission request for the Project. The Corps will continue the process of the review and finalization of the EIS, including review and incorporation of an updated Climate Assessment, and continued coordination with the State and third parties on matters related to cultural resources, floodplain management, and

wetlands mitigation.

The Corps cannot reach a final record of decision (ROD) with respect to NEPA and Section 404 permitting issues until it (1) approves a final aquatic resources mitigation plan; (2) receives Clean Water Act Section 401 certification from both the State and EPA; (3) receives Wild and Scenic Rivers Act Section 7(a) authorization from the National Park Service, (4) receives Endangered Species Act Section 7 concurrence from the United States Fish and Wildlife Service, (5) receives National Historic Preservation Act Section 106 concurrence, (6) receives an approved Administrative Action from the Natural Resources Conservation Service, and (7) approves the State's Section 408 permission request.

The parties remain hopeful that a NEPA-cleared design for the rehabilitation of Nebraska Highway 12 will provide the framework for the settlement of this case. Once a preliminary design is approved through NEPA and other required environmental reviews, the State intends to carry out final design, including development of the project final wetland mitigation plan, then develop a fair and reasonable cost estimate for the proposed design that can serve as a basis for a proposed settlement of the case. The Corps intends to analyze projected flooding impacts on the redesigned highway, and determine what flowage easement rights, if any, the Corps may need to acquire in order to achieve a full and complete settlement of the State's claims. If the parties are able to agree to a proposed settlement, counsel for both parties will require additional time to obtain the appropriate authorizations and approvals.

Respectfully submitted this 22nd day of October, 2021

JEAN E. WILLIAMS
Acting Assistant Attorney General

/s/ Joshua P. Wilson
JOSHUA P. WILSON
HANNAH O'KEEFE
Trial Attorneys
United States Department of Justice
Environment &Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0482
joshua.wilson@usdoj.gov

Counsel for the United States


STATE OF NEBRASKA

 /s/ Jeffery T. Schroeder
by Joshua P. Wilson with permission
JEFFERY T. SCHROEDER
ASSISTANT ATTORNEY GENERAL
Nebraska Attorney General's Office
State Highway Building
1500 Highway 2
Lincoln, NE 68509-4759
(402) 479-4611

Counsel for the State of Nebraska